## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

HOSEA ALLEN,                           *

      Petitioner,                  *

                                       CASE NO. 5:07-CV-4 CAR

vs.                                    *            28 U.S.C. § 2255
                                       CASE NO. 5:04-CR-84 WDO

UNITED STATES OF AMERICA,              *

      Respondent.                  *

## REPORT AND RECOMMENDATION

_____On February 17, 2005, Petitioner Allen was indicted in this court and charged with Distributing Cocaine Base, a/k/a "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) in Count One, and Distributing In Excess of Five Grams of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) in Count Two. (R-25)    Allen was convicted by jury trial of both Counts contained in the Indictment (R-42), and was sentenced on August 11, 2005, to a term of 240 months imprisonment on Count One and a term of 262 Months on Count Two, the terms to run concurrently.  (R-49)    Allen's convictions and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit on July 12, 2006. (R-62)

Petitioner Allen filed a Motion To Vacate his Sentence Pursuant to 28 U.S.C.§ 2255 on January 3, 2007 (R-63), wherein he contends as his sole Ground that he was "denied his Fifth and Sixth Amendment rights when his sentence was enhanced beyond the statutory maximum by facts not placed in an indictment, not found by jury, not admitted to, and not found by any trier of fact beyond a reasonable doubt." *See* Memo (R-64 at 8).  At page 10

of his Memorandum in Support of his Motion, Petitioner Allen states:

> The issue is the fact that under the propositions and holdings of *Apprendi, Blakely, and Booker,*[1] the sentencing factor of being a career criminal was not charged and certainly not defended against and especially it was not found by the jury.

Petitioner Allen misconstrues the principles established by the *Apprendi, Blakely,* and *Booker* trilogy. First, the issue Petitioner raises has been raised and determined against his position many times already in the United States Court of Appeals for the Eleventh Circuit. In *United States v. Cantellano,* 430 F.3d 1142 (11th Cir. 2005), the Court held:

> In *Almendarez-Torez v. United States,* 523 U.S. 224, 118 S.Ct. 1219 (1998), the Supreme Court "held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for purposes of enhancing a sentence." *United States v. Marseille,* 377 F.3d 1249, 1257 (11th Cir. 2004); *see also United States v. Shelton,* 400 F.3d 1325, 1329 (11t Cir. 2005). This conclusion was left undisturbed by *Apprendi, Blakely,* and *Booker.* Moreover, in *Booker,* the Supreme Court reaffirmed its holding in *Apprendi. See Booker,* 125 S.Ct. at 756, reaffirming that "any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (emphasis added). Thus, a district court does not err by relying on prior convictions to enhance a defendant's sentence.

Cantellano erroneously argues that *Almendarez-Torez* has been called into question by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005),

---

1. Petitioner references *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000); *Blakely v. Washington,* 542 U.S. 296 , 124 S.Ct. 2531 (2004); and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005).

> *Blakely v. Washington,* 524 U.S. 296, 123 S.Ct. 2531 (2004), and *Apprendi v.*
> *New Jersey,* 530 U.S. 466, 120 S.Ct. 2348 (2000). We have repeatedly
> rejected this argument and reasoned that the conclusion in *Almendarez-Torez*
> "was left undisturbed by *Apprendi, Blakely,* and *Booker." Shelton,* 400 F.3d
> at 1329; *accord United States v. Orduno-Mireles,* 405 F.3d 960, 962 (11ᵗʰ Cir.
> 2005); *United States v. Burge,* 407 F.3d 1183, 1188 (11th Cir. 2005); *see also*
> *United States v. Marseille,* 377 F.3d 1249, 1257 n. 14 (11th Cir. 2004), *cert.*
> *denied,* — U.S.— , 125 S.Ct. 637, (2004)." A district court does not err by
> relying on prior convictions to enhance a defendant's sentence." *Shelton,* 400
> F.3d at 1329.

*Id.* at 1147. Petitioner Allen also erroneously contends that *Shepard v. United States,* 544

U.S. 13, 125 S.Ct. 1254 (2005), bars this court from considering evidence at sentencing

regarding the *fact* of his prior convictions. *Cantellano,* 430 F.3d at 1147 dispels that

contention, stating:

> First, *Shepard* was not a constitutional decision. *Shepard* decided an issue of
> statutory interpretation. The issue in *Shepard* was whether the Armed Career
> Criminal Act permitted a sentencing court to consider police reports and
> compliant applications to establish that prior convictions for burglary were
> violent felonies. *Id.* at 1257. In *Taylor v. United States,* 495 U.S. 575, 110
> S.Ct. 2143 (1990), the Court had held that "the ACCA generally prohibits that
> later court from delving into particular facts disclosed by the record of
> conviction" to determine the character of a prior conviction for the purpose of
> enhancing a sentence under the ACCA. *Shepard,* 125 S.Ct. at 1257-58.

The character of Petitioner Allen's prior convictions was never at issue. He was

convicted of at least three prior felony drug offenses. *See* PSI ¶ ¶ 36, 37, 48, 49, 50, 51. The

district court did not have to receive evidence as to the character of the prior offenses.

The District Court did not error in determining from Petitioner's prior drug offenses

that he was a career offender subject to the enhancement as such. The sentence of 262

months imprisonment for the Count Two conviction did not exceed the statutory maximum

of 40 years under 21 U.S.C. § 841(b)(1)(B)(iii) as charged in the Indictment. Petitioner Allen's claims are without merit.

**WHEREFORE, IT IS RECOMMENDED** that Allen's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 6th day of August 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE